REITMAN PARSONNET, P.C.
Bennet D. Zurofsky (BZ-2005)
Joseph S. Fine (JF-9879)
744 Broad Street
Newark, New Jersey 07102
Tel: 973-622-8347

SQUITIERI & FEARON, LLP
Olimpio Lee Squitieri (OLS-1684)
Daniel R. Lapinski (DRL-7447)
26 S. Maple Avenue
Marlton, New Jersey 08053
Tel: 856-797-4611

BAHAN & ASSOCIATES
Della Bahan
140 South Lake Avenue, Suite 230
Pasadena, CA 91101
Tel: 626-796-5100

Counsel for Plaintiffs

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| NICK AQUILINO and AHMED ELMAGRABHY, individually and on behalf of all persons similarly situated,<br><br>      Plaintiffs,<br>  -against-<br><br>THE HOME DEPOT, INC., ILLEANA L. CONNALLY, THE MAINTENANCE WAREHOUSE FUTURE BUILDER ADMINISTRATIVE COMMITTEE and JOHN DOES 1-10,<br>      Defendants. | Consolidated<br>Civil Action No. 04-cv-4100<br>(WJM)<br><br><br>**Document Filed Electronically** |
| EDWARD NOVAK, individually and on behalf of all persons similarly situated,<br><br>      Plaintiffs,<br>  -against-<br><br>THE HOME DEPOT, INC., ILLEANA L. CONNALLY, THE MAINTENANCE WAREHOUSE FUTURE BUILDER ADMINISTRATIVE COMMITTEE and JOHN DOES 1-10,<br>      Defendants. | **PLAINTIFFS' OPPOSITION TO DEFENDANTS' APPEAL FROM THE MAGISTRATE JUDGE'S OCTOBER 31, 2005 LETTER-OPINION AND ORDER** |

TABLE OF CONTENTS

TABLE OF AUTHORITIES .................................................................................................... iii

PROCEDURAL BACKGROUND ........................................................................................... 1

ARGUMENT .......................................................................................................................... 3

I.  THE MAGISTRATE'S RULINGS SHOULD
    BE REVIEWED FOR CLEAR ERROR ........................................................................ 3

    A.  Magistrate's Ruling On Notice Motion
        Should Be Reviewed For Clear Error ................................................................... 3

    B.  Magistrate's Ruling On Motion For Reconsideration
        Should  Be Reviewed Only For Clear Error .......................................................... 5

II.  NEITHER THE OCTOBER ORDER NOR THE
     DECEMBER ORDER WERE IN CLEAR ERROR ...................................................... 6

    A.  The Entry Of The Magistrate's October Order Approving The
        Form, Method And Scope Of Notice Was Not In Clear Error .............................. 6

        1.  Defendants Were Provided A Fair Opportunity To Object To The
            Form, Method And Scope Of Notice To Potential Plaintiffs In Their
            Opposition To Plaintiffs' Motion For An Order Facilitating Notice .............. 6

        2.  The Magistrate Judge Considered Plaintiffs' Notice
            To Ensure That It Was Timely, Accurate And Informative ........................... 8

    B.  The Entry Of The Magistrate's December Order
        Denying Defendants' Motion For Reconsideration,
        Was Not In Clear Error .......................................................................................... 9

III.  Plaintiffs' Notice, As Modified By The Court, Provides Timely,
      Accurate And Informative Notice To Potential Plaintiffs ........................................... 11

    A.  Objections To A Proposed Notice Are Not "Typically"
        Filed Only After Facilitated Notice Is Granted ................................................... 12

    B.  Posting  Notice At Home Depot Stores Is Appropriate ........................................ 12

    C.  The Amount Of Time Allotted For The Return Of
        Opt-in Consent Form Is Highly Discretionary .................................................... 13

    D.  Defense Counsel Need Not Be Identified In The Notice ..................................... 14

E.  Defendants' Request For Third-Party Administration
    Of The Notice Process Is Unprecedented ............................................................. 15

F.  It Was Within The Court's Discretion
    To Approve Plaintiffs' Notice ............................................................................. 16

CONCLUSION.............................................................................................................. 17

## TABLE OF AUTHORITIES

### FEDERAL CASES

Anderson v. City of Bessemer,
   470 U.S. 564, 105 S. Ct. 1504, 84 L. Ed. 2d 518 (1985)..................................................6

Barushi v. Gonzalez et al.,
   2006 U.S. Dist. LEXIS 1158 (D.N.J. Jan. 13, 2006) .....................................................5

Belt v. Emcare, Inc.,
   299 F. Supp. 2d 664 (E.D. TX 2003)......................................................13, 14, 15, 16

Bermingham v. Sony Corp. of America,
   820 F. Supp. 834 (D.N.J. 1993) ...............................................................................5

Buffa v. N.J. State Dep't of Judiciary,
   56 Fed. Appx. 571 (3d. Cir. 2003)........................................................................3, 5

Champneys v. Ferguson Enterprises, Inc.,
   2003 U.S. Dist. LEXIS 4589  (S.D. IN Mar. 11, 2003)................................................14

Cipollone v. Liggett Group, Inc,
   785 F.2d 1108 (3d Cir. 1986)...................................................................................4

Database America, Inc. v. Bellsouth Advertising & Publishing Corp.,
   825 F. Supp. 1216 (D.N.J. 1993) ...............................................................................5

De Asencio v. Tyson Foods, Inc.,
   130 F. Supp. 2d 660 (E.D. Pa 2001) .............................................................8, 14, 15, 16

Evans v. Lowe's Home Ctrs., Inc.,
   2004 U.S. Dist. LEXIS 15716 (M.D. Pa. 2004) ...........................................................8

FCC v. WJR, Goodwill Station, Inc.,
   337 U.S. 265, 695 S. Ct. 1097, 93 L. Ed. 1353 (1949)...................................................8

Frank v. Capital Cities Communications, Inc.,
   88 F.R.D. 674 (S.D.N.Y. 1981) ...............................................................................13

Garcia v. Elite Labor Serv. Ltd,,
   1996 U.S. Dist. LEXIS 14405 (N.D. Ill. Sept. 30, 1996) ...............................................5

Gjurovich v. Emmanuel's Marketplace, Inc.,
   282 F. Supp. 2d 101 (S.D.N.Y. 2003) ................................................4, 9, 11, 13, 14, 15

Goldstein v. Exxon Research and Engineering Co.,
     1997 U.S. Dist. LEXIS 14598 (Apr. 16, 1997 D.N.J.) ....................................................5

Goodman v. Hasbrouck Heights school District,
     2005 U.S. Dist. LEXIS 32902 (D.N.J. Dec. 12, 2005) .................................................4

Hilton v. W.T. Grant Co.,
     212 F. Supp. 126 (W.D. Pa 1962).................................................................................8

Hoffman LaRoche, Inc. v. Sperling,
     493 U.S. 165 (1989)................................................................................................7, 8

Hunter v. Supreme Court,
     931 F. Supp. 1161 (D.N.J. 1996) ................................................................................8

Johnson v. American Airlines, Inc.,
     531 F. Supp. 957 (N.D. TX 1982) ...........................................................................13

King v. ITT Continental Baking Co.,
     1986 U.S. Dist. LEXIS 29321 (N.D. IL. Feb. 13, 1986) .......................................12, 16

Lawrence v. City of Philadelphia,
     2004 U.S. Dist. LEXIS 8445 (E.D. Pa 2004) ...............................................................8

Lo Bosco v. Kur Engineering,
     891 F. Supp. 1035 (D.N.J. 1995) ................................................................................6

Maldonado v. Lucca, 636 F. Supp. 621 (D.N.J. 1986) ......................................................5

Mazur v. Olek Lejbzon & Co.,
     2005 U.S. Dist. LEXIS 30321 (S.D.N.Y. Nov. 30, 2005)............................................4

McElmurry v. United States Bank, National Association,
     2005 WL. 2492932 (D. Or. Oct. 7, 2005)....................................................................5

Monroe v. United Airlines, Inc.,
     90 F.R.D. 638 (N.D. IL. 1981).............................................................................12, 16

NL Industries, Inc. v. Commercial Union Ins. Co.,
     935 F. Supp. 513 (D.N.J. 1996) ................................................................................5

Owens v. West Travel, Inc.,
     2003 U.S. Dist. LEXIS 26212 (W.D. WA, Dec. 12, 2003).......................................14

Patton v. Thomson Corporation,
     364 F. Supp. 2d 263 (E.D.N.Y. Apr. 5, 2005) .......................................................3, 4

iv

Ray v. Motel 6 Operating , LP,
1996 U.S. Dist. LEXIS 22564 ................................................................5

Reab v. Electronic Arts, Inc.,
214 F.R.D. 623 (D. Colo. 2002) ...................................................12, 16

Reich v. Davis,
50 F.3d 962 (11th Cir. 1995) ...............................................................6

Resorts International v. Greate Bay Hotel and Casino,
830 F. Supp. 826 (D.N.J. 1992) ...........................................................3

Rochlin v. Cincinnati Insurance Co.,
2003 U.S. Dist. LEXIS 13759 (S.D. IN. July 8, 2003)..............12, 14, 15, 16

In re: Royal Dutch/Shell Transport Sec. Litigation,
2005 U.S. Dist. LEXIS 37962 (D.N.J. Feb. 15, 2005) ........................4, 6

Schiano v. MBNA,
2005 U.S. Dist. LEXIS 35606 (D.N.J. Dec. 19, 2005)..........................4

Soler v. G & U, Inc.,
86 F.R.D. 524 (S.D.N.Y. 1980) .........................................................13

Sperling v. Hoffman-La Roche, Inc.,
118 F.R.D. 392 (D.N.J. 1988).............................................6, 12, 14, 15, 16

United States v. United States Gypsum Co.,
333 U.S. 364, 68 S. Ct. 525, 92 L. Ed. 746 (1948)..............................6

Yates v. Wal-Mart Stores, Inc.,
58 F. Supp. 2d 1217 (D. Colo. 1999)...................................................5

Vaicaitienev v. Parntership in Care,
2005 U.S. Dist. LEXIS 13490 (S.D.N.Y. July 6, 2005) .......................3

Young v. Cooper Cameron Corporation,
229 F.R.D. 50 (S.D.N.Y. 2005) ..........................................................7

**FEDERAL STATUTES**

28 U.S.C. 636(b)(1)(A)..........................................................................3, 4

28 U.S.C. 636(b)(1)(C)...........................................................................5

v

29 U.S.C. §216 ................................................................................................................3

29 U.S.C. §216(b) ...........................................................................................................8

Fed. R. Civ. P. 72(a) ................................................................................................3, 4, 5

Fed. R. Civ. P. 72(b) .......................................................................................................5

Fed. R. Civ. P. 78.........................................................................................................8, 9

Local Rule 7.1(b)(4)........................................................................................................8

Local Rule 72.1(a)(1).......................................................................................................3

Local Rule 72.1(c)(1).......................................................................................................4

Plaintiffs Ahmed Elmagrabhy and Edward Novak (collectively "Plaintiffs") respectfully submit this memorandum of law in opposition to Defendants' appeal of that portion of the Magistrate Judge's October 31, 2005 Letter-Opinion and Order concerning the form, method and scope of notice to potential plaintiffs.[1]  By way of their appeal Defendants The Home Depot, Inc., Illeana L. Connally and the Maintenance Warehouse Future Builders Administration Committee (collectively "Home Depot" or "Defendants") claim that the Court made manifest errors of law and that the Defendants were not afforded the opportunity to object or propose revisions to the notice approved by the Court.  For the reasons set forth below, Plaintiffs respectfully request that Defendants' motion be denied.

## PROCEDURAL BACKGROUND

On April 1, 2005, Plaintiffs filed a Motion For Facilitated Notice Under The FLSA Pursuant To 29 U.S.C. §216(b) (hereinafter "Notice Motion").  By way of the Notice Motion Plaintiffs sought an order facilitating notice to all similarly situated current and former Merchandising Assistant Store Managers (hereinafter "MASMs") of Defendant, The Home Depot, Inc., from August 2001 through the present.  In support of the Notice Motion, Plaintiffs filed a Memorandum of Law (hereinafter "Plaintiffs' Brief"), a Declaration with exhibits, a Proposed Order and a Proposed Form of Notice (hereinafter "Plaintiffs' Notice).[2]  In Plaintiffs' Brief, Plaintiffs cited authority for approval of Plaintiffs' Notice.  On July 22, 2005, Defendants filed an opposition to Plaintiffs' motion which consisted of an over-length brief,[3] a separate 29-page statement of facts as well as a 700-page appendix.  Plaintiffs filed a reply in response to Defendants' opposition on August 13, 2005.

---

[1] Defendants have also appealed the Magistrate Judge's opinion conditionally certifying Plaintiffs' FLSA claims.
[2]  Plaintiffs' Notice was submitted as an attachment to Plaintiffs' Proposed Order (Docket No. 36 – Attachment #1, attached hereto as Exhibit A).
[3]  Defendants' 37-page brief was in excess of the 30 page requirement outlined in Local Rule 7.2.

In a Letter-Opinion and Order dated October 31, 2005 (hereinafter "October Order"), Hon. Magistrate Judge Ronald Hedges granted Plaintiffs' motion to facilitate notice and, after modifying Plaintiffs' Notice, approved a form of notice (See October Order, attached hereto as Exhibit B).[4]

On November 22, 2005, Defendants filed a Notice of Motion for Reconsideration of Portions of Court's October 31, 2005 Letter-Opinion and Order Regarding Form, Method and Scope of Notice to Potential Plaintiffs (hereinafter "Motion for Reconsideration") wherein Defendants, for the first time, raised specific issues concerning Plaintiffs' Notice.  On December 19, 2005, the magistrate judge denied Defendants' Motion for Reconsideration for untimeliness (Docket No. 88, attached hereto as Exhibit C).  On December 21, 2005, the magistrate judge vacated the December 19, 2005 Letter Order but, after reviewing the papers submitted with respect to Defendants' Motion for Reconsideration, again denied reconsideration (hereinafter "December Order") (Docket No. 90, attached hereto as Exhibit D).  Defendants now appeal.

Defendants' appeal is erroneously premised on the argument that the October Order was in error, that the December Order was in error, and that Defendants' request for a bifurcated proceeding (wherein issues regarding the form of notice would be heard separately) was denied. Specifically, Defendants argue that they had requested that, if the Court granted Plaintiffs' Motion, they be given an opportunity to object to Plaintiffs' proposed form of notice. Defendants further argue that had the Court heard oral argument on the issue Defendants were prepared to address the form, scope and contents of any notice.  However, for the reasons outlined below, Defendants' motion should be denied.

---

[4] Although the October Order was dated October 31, 2005, it was not entered until November 4, 2005.

**ARGUMENT**

**I.    THE MAGISTRATE'S RULINGS SHOULD
        BE REVIEWED FOR CLEAR ERROR**

Defendants erroneously argue that the Court should review the magistrate judge's findings and set aside the magistrate's orders because the court "overlooked" certain matters. However, in contrast to Defendants' assertion, courts are very clear that "the rule <u>permits a reconsideration only when</u> 'dispositive factual matters or controlling decisions of law' were presented to the court but were overlooked." (emphasis added) <u>Buffa v NJ State Dep't of Judiciary</u>, 56 Fed. Appx. 571, 575 (3d Cir. 2003); <u>Resorts Int'l v. Greate Bay Hotel and Casino</u>, 830 F.Supp. 826, 831 (D.N.J. 1992).  As outlined more fully below, upon a showing that factual matters or controlling decisions of law were overlooked by the court, a motion will only be granted if it is necessary to correct a clear error of law or prevent manifest injustice.

**A.      Magistrate's Ruling On Notice Motion Should Be Reviewed For Clear Error**

Pursuant to Rule 72(a) of the Federal Rules of Civil Procedure, Local Rule 72.1(a)(1) and 28 U.S.C. 636(b)(1)(A), a magistrate judge may hear and enter a written order for any pretrial matter that is not dispositive.  Black's Law Dictionary defines "dispositive" as "bringing about a final determination."  See Black's Law Dictionary 484 (7th Ed. 1999).  It is well settled that a motion for facilitated notice pursuant to 29 U.S.C. §216 is <u>not</u> a dispositive motion because it does not bring about a final determination.  See <u>Patton v. Thomson Corporation</u>, 364 F.Supp. 2d 263, 266 (E.D.N.Y. Apr. 5, 2005)(holding that request for leave to file notice in FLSA case "is a non-dispositive matter of the sort typically referred to magistrate judges, and that an order granting the relief in no way prejudices [defendant's] right to contest the maintenance of a class action.); <u>Vaicaitiene v. Partners In Care, Inc.</u>, 2005 U.S. Dist. LEXIS 13490 at *10 S.D.N.Y. July 6, 2005)("authorization of notice 'does not prejudice the defendants precisely because it is

3

preliminary…[and] may be revisited.'" (quoting Patton, 364 F.Supp 2d at 268)); Gjurovich v. Emmanuel's Marketplace, Inc., 282 F.Supp. 2d 101, 105 (S.D.N.Y. 2003)(holding that determination to authorize notice is not a determination regarding the legal rights and responsibilities of the parties but is only a notice to those people who might be potential plaintiffs.).  Accordingly, Plaintiffs' Notice Motion is considered a non-dispositive motion and it was within the authority of the magistrate judge to consider and enter the October Order deciding Plaintiffs' non-dispositive Notice Motion.[5]

In reviewing a magistrate judge's findings pertaining to a non-dispositive motion, the district judge to whom the case is assigned shall modify or set aside a magistrate's order only if it is "found to be clearly erroneous or contrary to law." (emphasis added)  See Fed. R. Civ. P. 72(a); Local Rule 72.1(c)(1); 28 U.S.C. §636(b)(1)(A); Cipollone v. Liggett Group, Inc, 785 F.2d 1108, 1120 (3d Cir. 1986) cert. denied, 484 U.S. 976, 108 S.Ct. 487, 98 L. Ed.2d 485 (1987);  Schiano v. MBNA, 2005 U.S. Dist. LEXIS 35606 *6 (D.N.J. Dec. 19, 2005) (district court will only reverse a magistrate judge's decision on non-dispositive matters if it is clearly erroneous or contrary to law); Goodman v. Hasbrouck Heights school Dist., 2005 U.S. Dist. LEXIS 32902 *3 (D.N.J. Dec. 12, 2005)(court may reverse a magistrate judge's determination on non-dispositive issue only if it is clearly erroneous or contrary to law.); In re: Royal Dutch/Shell Transp. Sec. Litig., 2005 U.S. Dist. LEXIS 37962 *7 (D.N.J. Feb. 15, 2005)(same). Therefore, any review of the magistrate judge's October Order should be for clear error.

---

[5]  Although a magistrate judge may not hear and determine a motion to dismiss or to permit maintenance of a class action, preliminary approval for service of notice in an FLSA action is different from class certification.  See Mazur v. Olek Lejbzon & Co., 2005 U.S. Dist. LEXIS 30321 at *6 (S.D.N.Y. Nov. 30, 2005) (holding that preliminary approval for service of notice pursuant to the FLSA is materially different than class certification and, therefore, a magistrate judge is not prohibited from entertaining a motion to approve a collective action); Patton, 364 F.Supp. 2d at 265 ("a plaintiff's request for leave to circulate a notice of pendency in a case brought under the FLSA is not the same as a motion to maintain a class action under Rule 23.").

**B.      Magistrate's Ruling On Motion for Reconsideration
         Should Be Reviewed Only For Clear Error**

"Relief by way of a motion for reconsideration is 'an extraordinary remedy' that is to be granted 'very sparingly.'" Barushi v. Gonzalez et al., 2006 U.S. Dist. LEXIS 1158, *2 (D.N.J. Jan. 13, 2006)(Martini, W.)(quoting NL Indus. Inc. v. Commercial Union Ins. Co., 935 F. Supp. 513, 516 (D.N.J. 1996)); Maldonado v. Lucca, 636 F. Supp. 621, 630 (D.N.J. 1986). "A motion for reconsideration or to alter or amend a judgment may be made for one of three reasons: '(1) An intervening change in the controlling law has occurred, (2) evidence not previously available has become available, or (3) it is necessary to correct a clear error of law or prevent manifest injustice.'" (emphasis added) Buffa, 56 Fed. Appx. at 575; Goldstein v. Exxon Research and Eng'g Co., 1997 U.S. Dist LEXIS 14598 at *3 (Apr. 16, 1997 D.N.J.); Database Am., Inc. v. Bellsouth Advertising &  Publishing Corp., 825 F. Supp. 1216, 1220 (D.N.J. 1993)(citations omitted); see also, Bermingham v. Sony Corp. of Am., 820 F. Supp. 834, 856 (D.N.J. 1993)(same); Barushi, 2006 U.S. Dist. LEXIS 1158 at *3 (same).  In the present matter, because Defendants do not assert an intervening change in the controlling law or availability of evidence that was not previously available, the Court must review the magistrate judge's December Order for clear error.

For the foregoing reasons the October Order as well as the December Order should be reviewed for clear error as compared to applying a *de novo* standard.[6]

---

[6] Had the October 31, 2005 Order of the magistrate judge been a report and recommendation pursuant to Fed. R. Civ. P. 72(b), as compared to a written order pursuant to Fed. R. Civ. P. 72(a), the Court would be required to apply a *de novo* standard.  See Yates v. Wal-Mart Stores, Inc., 58 F.Supp. 2d 1217, 1217-18 (D. Colo. 1999)(applying *de novo* standard of review to magistrate's report and recommendation pursuant to 28 U.S.C. §636(b)(1)(C)); Garcia v. Elite Labor Serv. Ltd., 1996 U.S. Dist. LEXIS 14405 (N.D. Ill. Sept. 30, 1996)(applying a *de novo* standard of review to magistrate's report and recommendation concerning facilitated notice); McElmurry v. United States Bank, Nat'l Ass'n, 2005 WL 2492932, at *1 (D. Or. Oct. 7, 2005)(same); Ray v. Motel 6 Operating , LP, 1996 U.S. Dist. LEXIS 22564 (D. Minn. Mar. 18, 1996)(Same).