UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| NICK AQUILINO and AHMED ELMAGHRABY, individually and on behalf of all persons similarly situated,<br><br>Plaintiffs,<br><br>V.<br><br>HOME DEPOT U.S.A., INC., ILLEANA L. CONNALLY, THE MAINTENANCE WAREHOUSE FUTURE BUILDER ADMINISTRATIVE COMMITTEE, and JOHN DOES 1-10,<br><br>Defendants. | Civil Action No. 04-cv-4100 (PGS) |
| EDWARD NOVAK, individually and on behalf of all persons similarly situated,<br><br>Plaintiffs,<br><br>V.<br><br>HOME DEPOT U.S.A., INC., ILLEANA L. CONNALLY, THE MAINTENANCE WAREHOUSE FUTURE BUILDER ADMINISTRATIVE COMMITTEE, and JOHN DOES 1-10,<br><br>Defendants | **OPINION** |

**SHERIDAN, U.S.D.J.**

This matter comes before this Court on a motion pursuant to Fed. R. Civ. P. 23(b)(3) for class

action certification. More specifically, plaintiffs contend that Home Depot employees who hold the position of Merchandising Assistant Sales Managers (MASM) were improperly categorized as "exempt" employees pursuant to the Fair Labor Standards Act (FLSA) and corresponding state laws. Basically, plaintiff contends these employees function more as clerks who stock shelves and perform routine floor activities than they do as supervisors and managers. Due to same, MASMs were improperly denied overtime pay. In addition, the motion seeks to establish twenty-five (25) separate "state overtime subclasses."

On October 31, 2005 Magistrate Judge Hedges, in a Report and Recommendation, granted a preliminary authorization for a collective action pursuant to FLSA's opt-in procedure. A motion to reverse that opinion is presently pending.

On February 28, 2006, a "consent order regarding form, method and scope of notice was entered by Judge Martini (DCNJ). The Order modified certain provisions of the Magistrate's Order with regard to the form and methods of effectuating notice to persons who are or were MASMs, but these requirements became effective only if "defendant's certification objections are not sustained." As stated above, the Court has not made a decision on those objections. This opinion only concerns Fed. R. Civ. P.23(b)(3) class certification.

Statutory Background

In 1938, as part of President Roosevelt's New Deal reforms, Congress enacted FLSA which imposed certain minimum hour and wage practices in the workplace. DeAscencio v. Tyson Foods, Inc., 342 F.3d 301, 306 (3d Cir. 2003). In broad terms, FLSA requires employers, among other things, to pay their employees an hourly minimum wage for the first forty hours of work per week, and overtime (1 ½ times) for any hours worked in excess of forty hours unless the employees are

2

considered exempt under the Act. 29 U.S.C. §207. In the event, overtime is not paid by an employer in violation of the Act, Congress provided a specific remedy. That is, the employee is entitled to recover the unpaid overtime plus an additional equal amount in liquidated damages and counsel fees. 29 U.S.C. §216(b).

At the end of World War II, the Supreme Court greatly expanded the definition of work day under FLSA in a case called <u>Anderson v. Mount Clemens Pottery Co</u>, 328 U.S. 680 (1946). There was a "vast flood of litigation" due to newly engendered claims as a result of the <u>Anderson</u> decision. This litigation prompted Congressional action because it believed that an onslaught of litigation and expanded employer liability may derail the post-war economic recovery. As a result, Congress sought to reign in the great influx of cases by securing workers rights while more specifically defining and limiting federal jurisdiction. 93 Cong. Rec. 2087 (1947). <u>See</u> generally, <u>DeAscencio</u>, 342 F.3d at 306. Finding that many of FLSA cases had common facts, the legislative fix was to allow one employee to sue on behalf of other "similarly situated" employees so long as the employee "gives his consent in writing." 29 U.S.C. §216(b). The statute reads in pertinent part:

> Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages. Any employer who violates the provisions of section 215(a)(3) of this title shall be liable for such legal or equitable relief as may be appropriate to effectuate the purposes of section 215(a)(3) of this title, including without limitation employment, reinstatement, promotion, and the payment of wages lost and an additional equal amount as liquidated damages. <u>An action to recover the liability prescribed in either of the preceding sentences may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff</u>

> <u>to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.</u> The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action.(emphasis added).

In other words, an employee can sue for another so long as the employee opts in. The purpose of the written consent to opt-in was to prevent suits instituted by persons who have "no direct stake in the outcome" while preserving the right of an "absentee" employee from being bound by a collective resolution. 93 Cong. Rec. S2182 (1947). Cf, Schreter and Umbach, <u>Using Rule 23 to Define FLSA Class Actions, A Solution to Similarly Situated Debate</u>, www.bradleyarant.com/emplawupdate2.pdf at (14). The opt-in provision of FLSA has been untouched by Congress since that time – nearly 60 years ago[1].

In this action, Plaintiff believes a separate subclass should be established for each state in which Home Depot employs MASMs. Accordingly to the plaintiff, the states are: Alaska, Arkansas, Colorado, Connecticut, Illinois, Indiana, Maine, Maryland, Massachussets, Michigan, Minnesota, Missouri, Montana, Nevada, New Jersey, New Mexico, New York, North Carolina, North Dakota, Ohio, Oregon, Pennsylvania, Washington, Wisconsin and the District of Columbia. Interestingly,

---

[1] It is noteworthy that in 1990, Congress extended the district court's ability to exercise supplemental jurisdiction of claims that involve the joinder or intervention of additional parties (28 U.S.C. §1367(a)); but Congress did not mention or modify the opt-in provisions of FLSA. In addition, last year Congress recently enacted the Class Action Fairness Act of 2005 (28 U.S.C. §§ 1453, 1711-15. One of the purposes of the Act was to expand jurisdiction of federal courts over class action lawsuits. Therein, Congress modified diversity and removal standards which have been used to thwart federal jurisdiction previously. <u>See</u>, <u>Senate Report 109-14</u>. However, there is nothing in this law or its statutory history that suggests Congress was modifying the opt-in provisions of FLSA.

plaintiff does not state why those states and not others were selected. Now, Plaintiff seeks to bootstrap class certification under Fed. R. Civ. P. 23 by way of this Court asserting supplemental jurisdiction over all state claims. Under Fed. R. Civ. P. 23, generally once class designation is granted, a class member must affirmatively opt-out of the class, a very different approach than the FLSA method.

Generally, the purpose of supplemental jurisdiction is to promote "judicial economy, convenience and fairness to litigants." See, DeAscencio. 342 F.3d at 308 (quoting United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966)). In 1990, Congress amended the supplemental jurisdiction statute to allow the district court to exercise jurisdiction of "related" non-federal claims that form part of the same case and controversy. 28 U.S.C. §1367(a). To assert supplemental jurisdiction the court must determine whether the federal claims "share a common nucleus of operative fact". DeAscencio, 342 F.3d at 308; Lyon v. Whisman, 45 F. 3d 758, 761 (3d Cir. 1995). However, Congress recognized that there were instances where asserting such jurisdiction would be imprudent. Accordingly, a court may decline such jurisdiction if (a) the non-federal claim raises a novel state issue; (b) the state issues substantially predominate over the federal cause of action; ( c) in instances where all federal claims have been dismissed; and (d) exceptional circumstances warrant same. 28 U.S.C. §1367.

In this instance, two of the four reasons for declining such jurisdiction exists. The mere fact that plaintiffs request 25 separate subclasses in as many states to handle state law questions is compelling evidence that there is no commonality of facts, and that state law is predominant. Although the parties have not provided a detailed state by state comparative analysis of the legal and factual issues for each state, the request for 25 subclasses is a recognition by plaintiff that there are

5

substantial differences. It is common knowledge that state laws are rarely identical. For example, counts five and six of the complaint seek damages based on the equitable principles of quantum merit and unjust enrichment. These claims are governed by state common law; undoubtedly each state has different proof requirements. Each of these issues will require individualized fact finding. More troubling is plaintiff seeks that this Court establish a state overtime subclass for California, in face of a denial by a California court to certify a class action suit based on the same facts. In Re Home Depot Overtime Cases, 2006 WL 330169[2]. The California circumstance alone raises certain unique defenses which undermine any finding of commonality.

In addition to the above, supplemental jurisdiction should be declined because the non-federal claims predominate over federal claims. 28 U.S.C. §1387(c)(2). It is well established that where state claims "predominate whether in terms of proof, of the scope of the issues raised, or the comprehensiveness of the remedy sought, they may be dismissed." See, United Mine Workers of America v. Gibbs, 383 U.S. 715, 726 (1966). In this case, plaintiff requests that a state subclass be established for those MASMs residing in 25 different states including Pennsylvania. In an analogous case, DeAscencio, at 301, the plaintiff sought to be paid for the time it took to don and doff safety clothing. As here, the plaintiff asserted FLSA claims and sought class certification under Fed. R. Civ. P. 23 over state claims. The Third Circuit ruled that it was an abuse of discretion of a district judge to assert supplemental jurisdiction over Pennsylvania claims for several reasons including the "comprehensiveness of the state" remedy. The court found that to adjudicate the state claim, additional testimony and proof may be required to interpret the "wage protection legal scheme in Pennsylvania" as opposed to "the more straightforward federal scheme". DeAscencio, 342 F.3d at

---

[2] The matter is presently on appeal.

309-10.  Since the Third Circuit ruled that state law predominated where only one state statutory scheme was in play, certainly when, as here, 25 separate state statutory schemes and common law principles are in issue, this Court must conclude that the state issues are predominant. See, also, Lyon v. Whisman, 45 F.3d 758 (3d. Cir. 1995).  To assert jurisdiction here would create a situation which one court described as a "federal tail wagging what is in substance a state dog".  DeAscencio 342 F. 3d at 309 (quoting United Mine Workers of America, 383 U.S. at 727).  See, also Lindsay v. Government Employees Insurance Co., 355 F. Supp. 2d 119, 121 (D.C. 2004).  The Congressional intent for an opt-in procedure pursuant to FLSA has been established for more than 60 years. This intent  "would largely be thwarted if a plaintiff were permitted to back door the shoe horning in of unnamed parties" pursuant to an exercise of supplemental jurisdiction.  Leuthold v. Destination America, Inc., 224 F.R.D. 462, 470 (N.D.Cal. 2004).

      Motion to certify a class pursuant to Fed. R. Civ. P. 23 is denied.

|  |  |
|---|---|
|  | S/ *Peter G. Sheridan* |
| July 17, 2006 | PETER G. SHERIDAN, U.S.D.J. |