NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **NICK AQUILINO and AHMED ELMAGRABHY,** | Civil Action No. 04-cv-4100 (PGS) |
| Plaintiffs, | |
| v. | OPINION |
| **THE HOME DEPOT, INC.,** | |
| Defendant. | |

**SHERIDAN, U.S.D.J.**

This is an appeal of an Order entered by Hon. Ronald Hedges, U.S.M.J. (hereinafter "Magistrate Judge") on November 4, 2005. The Magistrate Judge granted conditional approval of a collective action pursuant to the Fair Labor Standards Act.

I.

On August 25, 2004, the law suit was commenced; and answers were filed on December 7, 2004. The Complaint had six counts, two based on ERISA, two based on the Fair Labor Standards Act (FLSA), and finally two based on equitable principles. Since that time, the ERISA claims have been voluntarily dismissed, and this Court determined that it would not assert supplemental jurisdiction over the equitable claims which are traditional state court actions. As a result, the two counts pursuant to FLSA are the only remaining claims.

The plaintiff was employed by Home Depot as a merchandise assistant sales manager (MASM), and was routinely required to work 55 hours per week. He was not paid any overtime. Plaintiff claims Home Depot erroneously classified this job title as exempt under FLSA to avoid payment of overtime. Plaintiff alleges that MASMs, in actuality, have little or no management responsibilities (managers are ordinarily exempt employees). MASMs are more akin to stock clerks who are hourly employees and usually protected by FLSA. Pursuant to FLSA, non-exempt employees must be paid overtime. 29 U.S.C. §207(a)(1). Plaintiff asserts he and other "similarly situated" MASMs should be entitled to remedies provided under FLSA. As such, plaintiff seeks to bring a collective action under FLSA.

II.

In 1938, Congress enacted the Fair Labor Standards Act to govern the maintenance of standard hour and wage practices. *De Asencio v. Tyson Foods, Inc.*, 342 F.3d 301, 306 (E.D.Pa 2002). FLSA requires employers to pay their employees at least a specified minimum hourly wage for work performed (29 U.S.C. § 202), and to pay one and one-half times the employee's regular rate of pay for hours worked in excess of forty hours per week. 29 U.S.C. § 207.

FLSA allows "one or more employees to pursue an action in a representative capacity for 'other employees similarly situated.'" *Morisky v. Public Serv. Elec. & Gas Co.*, 111 F. Supp. 2d 493, 496 (D.N.J. 2000). Furthermore, collective actions under the FLSA require that each employee "gives his consent in writing to become" a participant in a collective action. 29 U.S.C. § 216(b). The burden is on the plaintiff to show that the proposed class satisfies two basic requirements. They are that (1) class members must be "similarly situated" and (2) members must affirmatively consent to join the action or "opt-in". *Armstrong v. Weichert*, 2006 WL 1455781, *1 (D.N.J. 2006).

Neither the Third Circuit nor the Supreme Court have specifically defined the "similarly situated" requirement of § 216(b), but generally, a two-tier test is utilized. *Id.* (citing *Moeck v. Gray Supply Corp.*, 2006 WL 42368, *4 (D.N.J. 2006)). During the first stage (the notice stage), the court determines whether notice should be given to potential class members, based on limited discovery which shows the employees are similarly situated. *Moeck*, 2006 WL 42368 at *4. The courts typically examine the pleadings and affidavits in support of or in opposition to the proposed collective action and determine whether members are "similarly situated." *Masson v. Ecolab, Inc.*, 2005 WL 2000133, *13 (S.D.N.Y 2005) (citing *Mooney v. Aramco Servs. Co.*, 54 F.3d, 1207, 1213-14 (5th Cir. 1995)). "In this early phase, courts employ a relatively lenient evidentiary standard in determining whether a collective action is appropriate." *Id.* "The inquiry at the inception of the lawsuit (step 1) is less stringent than the ultimate determination that the class is properly constituted (step 2)." *Id.; See, also, Jackson v. New York Tel. Co.*, 163 F.R.D. 429, 431 (S.D.N.Y. 1995)).

Plaintiffs must show "a factual nexus between their situation and the situation of other current and former [employees] sufficient to determine that they are "similarly situated." *Hoffman v. Sbarro Inc.*, 982 F. Supp. 249, 262 (S.D.N.Y. 1997). Thus, "the merits of plaintiffs' claims need not be evaluated nor discovery be completed in order for such a notice to be approved and disseminated." *Masson*, 2005 WL 2000133 at *13 (citing *Hoffman*, 982 F.Supp. at 262). Significantly, the preliminary determination made by a magistrate at this stage "does not prejudice the defendants precisely because it is preliminary. It may be revisited (by motion for decertification) if it later appears, after appropriate discovery, that the additional plaintiffs who opt in the lawsuit are not similarly situated." *Patton v. Thomson Corp.*, 364 F. Supp. 2d., 263, 268 (E.D.N.Y. 2005).

3

III.

The Magistrate Judge's ruling must be evaluated in light of the above standards. The Magistrate Judge carefully reviewed the two-tier test outlined above. He evaluated all of the papers submitted by Home Depot despite the fact that their brief exceeded 40 pages. Local Civ. R. 7.2(b) (Opinion at p. 2). Home Depot's chief dispute with the Magistrate Judge's decision was his finding that the matter was not ripe for "final similarly situated determination" (Opinion at p. 5). The Magistrate reasonably concluded that at the first stage "the goal is to identify those injured as a result of Home Depot's alleged misclassification of the MASM position as managerial". (Opinion at p. 5). The Magistrate Judge opined that once the class members were known, and some depositions taken, Home Depot was free to move for decertification. (Opinion at p. 6).

The Magistrate Judge determined that the Complaint and other papers submitted met the lenient standard generally utilized in tier 1 analysis. The Magistrate Judge found:

> The Complaint sets forth allegations of a common practice intended to save Home Depot thousands of dollars in overtime compensation by mislabeling certain category of its employees as exempt. The five certifications submitted by the plaintiffs show a pattern of requiring MASMs to work over 55 hours per week performing routine non-managerial tasks in violation of Section 13(a)(1) of the FLSA. The eight notices of consent of opt in suit filed recently only serve to support plaintiff's position, hence, the pattern appears to be consistent as against 11 individuals. (Opinion at p. 6).

In its appeal, Home Depot relies on *Severtson v. Phillips Beverage Co.*, 137 F.R.D. 264 (1991). *Severtson* cautions that "some factual basis" must be established before judicial approval of giving notice to those employees who may be similarly situated.[1] *Severtson*, 137 F.R.D. at 267. This court

---

[1] *Severtson* is an action brought pursuant to the Age Discrimination Act ("ADEA") and not an FLSA claim. 29 U.S.C. §626(b).

agrees. Plaintiff is required to make a "modest factual showing". *Patton*, 364 F. Supp. 2d at 267. As indicated in the previous paragraph, plaintiff has made such a showing.

Finally, Home Depot argued that Judge Hedges failed to carefully review the matter because he indicated that no depositions had been taken when in fact some had been conducted. This argument is taken out of context when reviewing his opinion as a whole; but even if it were correct, the Magistrate Judge affirmatively stated that he reviewed all the written materials submitted by Home Depot.

IV.

The Federal Magistrates Act provides two separate standards of judicial review: (1) "*de novo*" for magistrate resolution of dispositive matters, *see* 28 U.S.C. § 636(b)(1)(B)(c) and (2) "clearly erroneous or contrary to law" for magistrate resolution of non-dispositive matters. *See* 28 U.S.C. § 636(b)(1)(A); FED. R. CIV. P. 72(a); L. Civ. Rule 72.1(a); *Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108 (3rd Cir. 1986).

A finding is contrary to law if the magistrate judge has misinterpreted or misapplied applicable law. "[A] finding is clearly erroneous 'when although there is evidence to support it, the reviewing court on [consideration of] the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Lo Bosco v. Kure Engineering Ltd.*, 891 F. Supp. 1035, 1037 (D.N.J.1995) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)).

The Third Circuit has interpreted this to mean that the appellate court must accept the factual determination of the fact finder unless that determination "either (1) is completely devoid of minimum evidentiary support displaying some hue of credibility, or (2) bears no rational relationship to the supportive evidentiary data." *Haines v. Liggett Group Inc.*, 975 F.2d 81, 92 (3d Cir.

1992)(quoting *Krasnov v. Dinan*, 465 F.2d 1298, 1302 (3d Cir.1972)). In reviewing a magistrate judge's factual determinations, a district court may not consider any evidence which was not presented to the magistrate judge." *Lithuanian Commerce Corp. v. Sara Lee Hosiery*, 177 F.R.D. 205, 213 (D.N.J. 1997) (citing *Haines*, 975 F.2d at 92). Home Depot argues that this Court should exercise *de novo* review of Judge Hedges's decision, claiming that the ruling constitutes a dispositive ruling.

The Court finds that under either standard, the Magistrate Judge's opinion should be adopted. Plaintiffs only seek preliminary approval for service of a collective action notice pursuant to FLSA. As stated above the standard for step one notice is lenient. The Magistrate Judge's opinion is fair and reasonable. He clearly reviewed all documents before him, and he applied the well-established two tier test for determining whether employees are similarly situated. *See, Sheffield v. Orius Corp.*, 211 F.R.D. 411 (D. Or. 2002) (District Court applying de novo review adopts Magistrate Judge's report and recommendations for conditional certification of FLSA collective action); *see also Sperling v. Hoffman-LaRoche, Inc.*, 118 F.R.D. 392 (D.N.J. 1988).

V.

The opinion of the Magistrate Judge appeal is affirmed. A telephone conference will be scheduled with counsel within ten (10) days of this Order to review the notice to be forwarded to employees who held the position of Merchandise Assistant Sales Manager.

September 6, 2006

PETER G. SHERIDAN, U.S.D.J.