NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| NICK AQUILINO and AHMED ELMAGHRABY, individually and on behalf of all persons similarly situated, | : : : : : | Civil Action No. 04-cv-4100 (PGS) |
| Plaintiffs, | : : | |
| V. | : : | |
| HOME DEPOT U.S.A., INC., ILLEANA L. CONNALLY, THE MAINTENANCE WAREHOUSE FUTURE BUILDER ADMINISTRATIVE COMMITTEE, and JOHN DOES 1-10, | : : : : : : | |
| Defendants. | : : | |
| EDWARD NOVAK, individually and on behalf of all persons similarly situated, | : : : | |
| Plaintiffs, | : : : | **OPINION** |
| V. | : : | |
| HOME DEPOT U.S.A., INC., ILLEANA L. CONNALLY, THE MAINTENANCE WAREHOUSE FUTURE BUILDER ADMINISTRATIVE COMMITTEE, and JOHN DOES 1-10, | : : : : : | |
| Defendants | : : : | |

**SHERIDAN, U.S.D.J.**

Plaintiff alleges that Home Depot failed to pay overtime to an entire group of employees known as Merchandising Assistant Store Managers (MASM) in violation of the Fair Labor Standards Act. 29 U.S.C. § 201. The Act authorized collective actions under certain circumstances. That is, each employee who wishes to participate must consent in writing to be part of the suit (opt-in), and all the employees who opt-in must be "similarly situated". 29 U.S.C. § 216. The statute reads in pertinent part:

> Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages. Any employer who violates the provisions of section 215(a)(3) of this title shall be liable for such legal or equitable relief as may be appropriate to effectuate the purposes of section 215(a)(3) of this title, including without limitation employment, reinstatement, promotion, and the payment of wages lost and an additional equal amount as liquidated damages. <u>An action to recover the liability prescribed in either of the preceding sentences may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.</u> The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action.(emphasis added).

Home Depot alleges that the duties of a MASM vary from store to store; hence, the MASMs are not similarly situated as the statute requires. Home Depot maintains that MASMs are managers and are "exempt" from overtime provisions of FLSA. On the other hand, plaintiffs contend MASMs are more akin to store clerks who stock shelves, sweep floors, etc., and as such are hourly employees who must be paid overtime wages.

On July 31, 2006, the Court authorized defendant to propound a short set of interrogatories upon the initial group of 58 MASMs who had opted in. Many plaintiffs did not answer or failed to certify their answers as true in a timely fashion. As a result, on December 20, 2006, Magistrate Judge Hedges ordered that these non-compliant individuals answer and/or certify, as the case may be, within 60 days. Despite this Order, many of the plaintiffs still did not respond. On July 24, 2007, the Court extended the time in which plaintiff could answer and/or certify for a brief period. Even after this reprieve, many plaintiffs did not submit answers and/or certifications.

At the present time, 32 of the 58 individuals upon whom interrogatories were propounded have either failed to answer and/or certify their answers. More specifically, there are two groups.

    a.    There are 15 individuals who have failed to respond to interrogatories. The are: George Bloss, Laura Bogdanowicz, Bettye Booker, Jeff Buck, John Faldato, William Harris, John Johnson, Keith Johnson, Dave Krawee, Dean Mainardi, Scott Neal, Lisa Polistina, Kevin Price, Paul Schrag, and Joel Weinstein; and

    b.    There are 17 individuals who have failed to certify their answers. They are: Richard Aloi, Nick Aquilino, Wayne Collini, Thomas DeBella, George Fransway, Robert Freeman, Vicki Gothro, Mark Parisen, Mark Pemberton, Luis Pietri, Keith Quint, William Stank, Dennis Stein, Charles Wagner, Gary White, Marjorie Willis, and Peter Wolczik. See Brady Cert. at para.30.

The Court may strike a pleading or dismiss a case where a party fails to obey discovery orders. F.R. Civ. P. 37(b)(2)(c). The Court does not take such action lightly. The Court must consider the six Poulis factors. *Poulis v. State Farm & Casualty Co.*, 747 F.2d 863, 868 (3d Cir. 1984). The six factors are (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary;

(3) whether there has been a history of dilatoriness; (4) whether the conduct of the party or attorney was willful or in bad faith; (5) the effectiveness of alternative sanctions; and (6) the meritoriousness of the claim or defense. These factors are discussed below.

Personal Responsibility

Since there is neither evidence that the non-compliant plaintiffs did not receive the interrogatories, nor any exceptional circumstances alleged, responsibility for failure to answer or certify lies solely with those plaintiffs. At the July 10, 2007 case management conference, and at other times, plaintiffs' counsel represented discovery requests were sent to the individual Opt-Ins, and he attempted to communicate with them regarding their responses without success. (See Brady Cert., at ¶¶ 33 and 34).

Prejudice to Home Depot

Plaintiffs' inactions have prejudiced Home Depot because its entire defense revolves around whether the employees are "similarly situated". An articulation of Plaintiffs' job duties is critical in determining that issue. See, e.g., *Morisky v. Public Srvc. Electric & Gas Co.*, 111 F. Supp. 2d 493, 498 (D.N.J. 2000).

History of Delay and Alternative Sanctions

There have been at least three court orders and nearly two years have elapsed without response. Hence, it is unlikely that plaintiffs will respond in the future. As such, there are no other viable solutions except for dismissal.

Merit of Plaintiff's claim.

The Court can not determine whether the claim is meritorious without having the benefit of discovery including the answers to interrogatories. One of the Plaintiffs' counsel's chief arguments

4

for denying this motion is that discovery is not necessary because class members are represented through a lead plaintiff. That misses the point for two reasons. First, in order for this case to proceed as a class, the Court must initially determine that plaintiffs are "similarly situated." In order to do so, some discovery regarding the actual job duties of MASMs is required. Secondly, unlike the typical class action, a FLSA action requires that each employee consent in writing in order to be part of the suit. Congress enacted that provision so each employee knew his or her rights were the subject of a suit, and to prevent the collective action provision from being abused. Plaintiffs' continual failure to respond to non-burdensome discovery requests and court orders for nearly two years leads to the conclusion that the non-responding plaintiffs may no longer wish to participate in the suit. In that case, plaintiffs may have opted out of this action. The Court notes that dismissal without prejudice does not foreclose each plaintiff from instituting a separate state court action alleging FLSA, state, and common law claims.

Here, the *Poulis* factors, especially the lapse of time and the ongoing non-compliance with Court Orders, warrants dismissal without prejudice.


                                                              *s/Peter G. Sheridan*
                                                              PETER G. SHERIDAN, U.S.D.J.

April 15, 2008